OPINION
{¶ 1} Appellant Scott A. Kirk appeals a judgment of the Delaware County Court of Common Pleas convicting him of robbery (R.C. 2911.02
(A)(2), assault (R.C. 2903.13 (A), and complicity to commit robbery (R.C. 2923.03)(A)(2)):
 ASSIGNMENTS OF ERROR
{¶ 2} ASSIGNMENT OF ERROR ONE:
 THE COURT SUB JUDICE COMMITTED PREJUDICIAL ERROR AGAINST APPELLANT'S DUE PROCESS RIGHT UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND UNDER ARTICLE I § 10 OF THE OHIO CONSTITUTION WHEN IT ENTERED THE JURY'S CONVICTION OF APPELLANT OF ROBBERY PURSUANT TO R.C. § 2911.02 AND ASSAULT PURSUANT TO 2903.13 AS SAID CONVICTIONS WERE BASED UPON INSUFFICIENT EVIDENCE.
 {¶ 3} ASSIGNMENT OF ERROR TWO:
 THE COURT SUB JUDICE COMMITTED PREJUDICIAL ERROR AGAINST APPELLANT'S DUE PROCESS RIGHT UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND UNDER ARTICLE I § 10 OF THE OHIO CONSTITUTION WHEN IT ENTERED THE JURY'S CONVICTION OF APPELLANT OF ROBBERY PURSUANT TO R.C. § 2911.02 AND ASSAULT PURSUANT TO R.C. § 2903.13 AS SAID CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 4} ASSIGNMENT OF ERROR THREE:
 APPELLANT'S DUE PROCESS RIGHTS UNDER FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I § 10 OF THE OHIO CONSTITUTION AND HIS SIXTH AMENDMENT RIGHT TO COUNSEL UNDER THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN THE COURT SUB JUDICE ABUSED ITS DISCRETION BY GRANTING APPELLANT'S REQUEST FOR HYBRID REPRESENTATION IN THE INSTANT ACTION.
{¶ 5} On April 9, 2001, appellant and his girlfriend and co-defendant, Tisena Ventola, drove to the Wal-Mart store in Lewis Center, Delaware County, to steal electronic equipment. While Tisena was in Wal-Mart, Shannon Chambers, a loss-prevention agent for Wal-Mart, spotted her placing C.D. burners in a cart that was filled with diapers. He continued to shadow Tisena, and saw her meet with two men, one of whom was appellant, and then abandon the cart. After some time had elapsed, Tisena returned to the cart, and attempted to walk out of the store without paying for the items. As she did so, the alarm went off.
{¶ 6} After she abandoned the cart, Mr. Chambers approached her outside of the store, and identified himself as a loss prevention agent for the store. A physical confrontation ensued between the two outside the store, and progressed inside the store, near the register. Tisena was screaming for help. During this confrontation, Tisena bit Chambers two times. Inside the store, the confrontation between the two caused merchandise to be knocked over. Appellant approached Mr. Chambers in the store and asked him to let go of Tisena. When he refused to do so, appellant left the store and went outside.
{¶ 7} Tisena got away from Chambers, exited Wal-Mart, and ran to the parking lot. Chambers apprehended Tisena in the parking lot, and they continued to wrestle, landing on the ground. Eventually, he subdued Tisena, lying on top of her on the ground. At this point, appellant drove his Monte Carlo near the confrontation, exited the car, and struck Chambers in the head from behind. The blow to the head caused Chambers to let go of Tisena. She ducked in the car, and appellant rapidly drove away from the scene.
{¶ 8} Chambers was later treated at a local hospital for injuries sustained from a blow to the head and from being bitten by Tisena.
{¶ 9} Several weeks later, Tisena and appellant were again stealing electronic equipment from Wal-Mart, this time at a store near Columbus. A loss prevention agent at that store, where Chambers happened to be working that day, saw appellant quickly loading a cart with laser printers and other electronic items. When appellant spotted Chambers watching him, he walked out, put his finger in Chambers' face, and said, "I will beat your ass again just like I did last week." When appellant was asked to leave, the confrontation again became violent. When Columbus police arrived on the scene, appellant was already handcuffed, and began talking about the prior incident where he and his girlfriend were "boosting" items from Wal-Mart, and his girlfriend became involved in a fight with a security guard.
{¶ 10} Appellant was indicted by the Delaware County Grand Jury with robbery, aggravated assault, and complicity to robbery. The case proceeded to jury trial in the Delaware County Common Pleas Court. After counsel for appellant withdrew seven days before trial, a new attorney was appointed to represent appellant. Appellant requested that he and his new attorney be permitted to operate on a hybrid representation arrangement during trial. The court permitted appellant to proceed in this manner.
{¶ 11} Following trial, appellant was convicted of robbery, assault, and complicity to robbery. He was sentenced to five years incarceration on robbery and five years incarceration on complicity to robbery, to be served concurrently. He was sentenced to six months incarceration for assault, to be served concurrently to the sentences imposed on both robbery charges.
 I
{¶ 12} Appellant argues that the evidence was insufficient to support the convictions for robbery and assault, as the State failed to prove that he inflicted, attempted to inflict, or threatened to inflict physical harm upon Shannon Chambers. Appellant argues that none of the witnesses to the altercation were able to testify that he struck Chambers on the head, and Chambers himself was unable to definitively identify appellant as his assailant.
{¶ 13} The relevant question in reviewing a claim of sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. E.g., State v. Treesh (2001), 90 Ohio St.3d 460, 2001-Ohio-4, cert. denied, 553 U.S. 904.
{¶ 14} In the instant case, there was evidence from which a rational trier of fact could have found that appellant struck Chambers on the head. Mr. Chambers testified that appellant drove a car to the place where he was subduing appellant's girlfriend. He testified that appellant got out of the car, and came behind him. Although he did not definitively see appellant strike him on the head, he testified that he was struck on the head from behind, while appellant was the only person behind him. He further testified that appellant was the only person who got out of the car, and Tiseno was in front of him when the blow was struck. Tr. 267. This was sufficient evidence from which a rational trier of fact could conclude that appellant was the person who struck Chambers in the head.
{¶ 15} The first assignment of error is overruled.
 II
{¶ 16} Appellant argues the judgments of conviction for robbery and assault are against the manifest weight of the evidence, making the same argument he made in Assignment of Error I.
{¶ 17} When a court of appeals reverses a judgment of the trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as the thirteenth juror, and disagrees with the fact finder's resolution of conflicting testimony. State v.Thompkins (1997), 78 Ohio St.3d 380, 1997-Ohio-52. The discretionary power to grant a new trial is to be exercised only in an exceptional case in which the evidence weighs heavily against conviction. Id.
{¶ 18} As outlined in I above, Shannon Chambers testified that appellant drove to the scene of his altercation with appellant's girlfriend, was the only person who exited the car, and moved to a position behind Mr. Chambers. Someone then struck him in the head from behind. While several of the witnesses who observed the fight in the parking lot testified that they did not see appellant hit Chambers in the head, none of them testified that they saw someone else hit Chambers in the head. One of the witnesses testified that she was unable to see the entire confrontation due to the location of a van. In addition to Chambers' testimony, when appellant saw Chambers in a different Wal-Mart store several weeks later, appellant stated, "I will beat your ass again just like I did last week." While the security tapes in the store are inconclusive as to whether appellant hit Chambers, there was evidence of an injury to Chambers' head, which eventually caused him to temporarily blackout. Based on all the evidence presented at trial, the judgment is not against the manifest weight of the evidence.
{¶ 19} The second assignment of error is overruled.
 III
{¶ 20} Appellant argues that the court erred in granting his motion for hybrid representation. He argues that he was prejudiced by hybrid representation, as during direct examination, he opened the door to his own prior bad acts concerning items stolen from other Wal-Mart stores. He also argues that hybrid representation was detrimental to his case, as during closing argument, appellant admitted that he was guilty of complicity to robbery, and that he had a drug problem.
{¶ 21} A criminal defendant has no right to a "hybrid" form of representation when he is represented by counsel, but also acts simultaneously as his own counsel. State v. Keenan (1998),81 Ohio St.3d 133, 1998-Ohio-459, cert. denied, 523 U.S. 860, citingMcKaskle v. Wiggins (1984), 465 U.S. 168. However, a court in its sound discretion may permit hybrid representation. State v. Ijames (February 21, 1985), Summit Appellate No. 83101080, unreported, citing U.S. v.Hill (C.A. 10 1975), 526 F.2d 1019.
{¶ 22} We cannot find an abuse of discretion in the instant case. Appellant essentially argues that his own representation amounted to ineffective assistance of counsel. Where a defendant chooses to represent himself, he may not later assert that the quality of his own defense amounted to a denial of effective assistance of counsel.McKaskle, supra. Further, while appellant may have confessed that he and his girlfriend were involved in a scheme to steal electronic equipment from Wal-Mart and re-sell it, the theft elements of robbery were never in dispute in the instant case. The only disputed issue was whether appellant was the person who struck Chambers on the back of the head. Accordingly, we cannot find that appellant's admission to theft in the instant case and in other Wal-Mart stores so prejudiced his case that the court abused its discretion in granting his request for hybrid representation. Appellant was adamant throughout the trial that he knew his case better than anyone else and wanted to proceed with Mr. Birch acting as co-counsel.
{¶ 23} The third assignment of error is overruled.
{¶ 24} The judgment of the Delaware County Court of Common Pleas is affirmed.
By GWIN, J., HOFFMAN, P.J., and EDWARDS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs to appellant.